# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| DALVIN SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 9:20-cv-2480-DCN |
| vs. ) | |
| ) | **ORDER** |
| PROGRESSIVE DIRECT INSURANCE ) | |
| COMPANY a/k/a PROGRESSIVE ) | |
| CASUALTY INSURANCE COMPANY and ) | |
| DIAMONIQUE BRYANT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on plaintiff Dalvin Sanders's ("Sanders") motion to remand or, alternatively, to voluntarily dismiss, ECF No. 6, and motion to dismiss, ECF No. 7. For the reasons that follow, the court finds that it lacks jurisdiction, grants the motion to remand, and finds as moot the motion to dismiss.

## I.  BACKGROUND

This insurance dispute arises out of a single-car accident that occurred in Hampton County, South Carolina. On January 12, 2020, Sanders alleges that he loaned his vehicle to defendant Diamonique Bryant ("Bryant"), who fell asleep at the wheel and drove the vehicle into a ditch. At the time of the accident, Sanders held an auto insurance policy ("the Policy") with defendant Progressive Direct Insurance Company ("Progressive"). Sanders's complaint alleges that he filed a claim with Progressive under the Policy and that Progressive wrongfully denied the claim.

On April 28, 2020, Sanders filed this action in the Hampton County Court of Common Pleas, alleging negligence against Bryant based on the car accident and bad-

1

faith breach of the insurance contract against Progressive based on Progressive's denial of Sanders's claim. ECF No. 1-1. On June 30, 2020, Progressive removed the action to this court. ECF No. 1. The same day, Progressive answered the complaint and asserted a counterclaim against Sanders, requesting a declaratory judgement that the Policy is void due to Sanders's alleged material misrepresentations. ECF No. 2. On July 22, 2020, Sanders filed a motion to remand, ECF No. 6, and a motion to dismiss Progressive's counterclaim, ECF No. 7. On August 5, 2020, Progressive responded to the motion to remand, ECF No. 8, as well as to the motion to dismiss, ECF No. 9. The court held a hearing on the motions on August 24, 2020. As such, this matter is now ripe for the court's review.

## II.  STANDARD

Federal courts are of constitutionally limited jurisdiction. "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper," In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006), and doubts regarding the propriety of removal are to be resolved in favor of retained state court jurisdiction. Baxley v. Advance Auto Parts, Inc., 2011 WL 586072 at *1 (D.S.C. Feb. 9, 2011) (citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). Because removal raises significant federalism concerns, "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994).

Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where

such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim arises from federal law, see 28 U.S.C. § 1331, or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizen of different states, see 28 U.S.C. § 1332.

### III.  DISCUSSION

Sanders asserts two grounds for remand. First, he contends that Progressive's removal is untimely. Second, Sanders argues that the court does not have subject matter jurisdiction over the action because the he, the plaintiff, and Bryant, a defendant, are citizens of the same state and thus not completely diverse. Alternatively, Sanders's motion to remand asks the court to permit Sanders to voluntarily dismiss his claims without prejudice so that he can "re-file in state court while capping his damages as $74,999.99." ECF No. 6 at 4. Burdened with the duty to strictly police its own subject matter jurisdiction, the court thoroughly considers that issue first.

As an initial matter, however, the court addresses Sanders's argument that Progressive's removal is untimely. Sanders argues that he sent Progressive's counsel a copy of the summons and complaint on April 29, 2020 and that Progressive's removal is untimely because it filed the notice of removal on June 30, 2020, missing the 30-day window for removal under 28 U.S.C. § 1441. The law is clear, however, that the 30-day clock for removal begins when a defendant is properly served according to the state or federal rules of civil procedure, not when it merely receives a copy of the complaint. See Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); see also Smith v. Kelso, 2020 WL 1887723, at *3 (D.S.C. Apr. 16, 2020) (providing an in-depth discussion on the timeliness of removal under § 1441). There is no dispute here that Sanders did not

effect formal service on Progressive until June 1, 2020. As such, Progressive's June 30, 2020 removal is timely. The court rejects Sanders's argument to the contrary.

The court now turns substantively to the issue of its subject matter jurisdiction. Progressive's notice of removal states that the court has subject matter jurisdiction over Sanders's claims by way of diversity pursuant to 28 U.S.C. § 1332. As discussed above, a court has diversity jurisdiction over a matter where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizens of different states. 28 U.S.C. § 1332. While the parties hotly contest whether this action satisfies the complete diversity requirement, their papers fail to reveal whether this action satisfies the amount-in-controversy requirement. Because the court must strictly police its own subject matter jurisdiction and because Sanders's satisfaction of the amount-in-controversy requirement is unclear, the court begins with a discussion thereof.

For a court to have diversity jurisdiction over a matter, the amount in controversy must "exceed[ ] the sum or value of $75,000." 28 U.S.C. § 1332. A plaintiff fails to satisfy the amount-in-controversy-requirement where it "appears to a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). In cases where the amount of damages sought is unclear on the face of a plaintiff's complaint, this court has found that the plaintiff's post-removal clarification on the record that he seeks less than $75,000 in total damages is determinative and rids the court of subject matter jurisdiction. See Ferguson by Ferguson v. Wal-Mart Stores, Inc., 1994 WL 653479, at *2 (D.S.C. Nov. 15, 1994).

In this case, Sanders's complaint does not specify whether he seeks more or less than $75,000 in total damages against Progressive.[1] At the hearing, Sanders stipulated on the record that his complaint seeks less than $75,000 against Progressive. As such, Sanders has shown to a "legal certainty" that he cannot recover the jurisdictional amount in this case; therefore, Sanders's claim against Progressive fails to satisfy the amount-in-controversy requirement, and the court is without jurisdiction over it. At the hearing, Progressive noted the well-known axiom that a plaintiff "may not defeat diversity jurisdiction by filing a post-removal amendment of the complaint which reduces the amount of damages requested by the complaint below the amount in controversy required by 28 U.S.C. § 1332(a)." Griffin v. Holmes, 843 F. Supp. 81, 87 (E.D.N.C. 1993) (citing Saint Paul Mercury Indem. Co., 303 U.S. at 289; see also Porsche Cars N. Am., Inc. v. Porsche.net, 302 F.3d 248, 255–56 (4th Cir. 2002) ("[A] court determines the existence of diversity jurisdiction at the time the action is filed, regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy.") (citation and internal quotations marks omitted).

While Progressive's statement of the law is correct, it does not apply here. This is not a case in which the plaintiff is stipulating to a reduction in the damages sought in his complaint. Instead, Sanders's post-removal stipulation clarifies that the unspecified amount of damages his complaint seeks is below the jurisdictional level. "[W]here the initial complaint does not specify an amount . . . various jurisdictions have found that a

---

[1] Sanders must show that his claim against Progressive, alone, satisfies the amount-in-controversy requirement. See Snyder v. Harris, 394 U.S. 332, 336 (1969) (holding that separate and distinct claims cannot be aggregated to meet the required jurisdictional amount).

post-removal stipulation that damages will not exceed the jurisdictional minimum can be considered as a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint." Stanley v. Auto-Owners Ins. Co., 423 F. Supp. 3d 225, 229 (D.S.C. 2019). Indeed, where, as here, a plaintiff clarifies, in the form of a post-removal stipulation, that his ambiguous complaint seeks less than the jurisdictional amount, this court has consistently found remand necessary. See Stanley, 423 F. Supp. 3d 225, 229 (D.S.C. 2019) (collecting cases); see also Cox v. Willhite Seed, Inc., 2014 WL 6816990, at *2 (D.S.C. Dec. 4, 2014) (remanding where the court "interpret[ed] Plaintiff's Stipulation as to Damages as a clarification of the amount of damages he is seeking"); Carter v. Bridgestone Americas, Inc., 2013 WL 3946233, at *3 (D.S.C. July 31, 2013) (same); Walker v. Poland, 2009 WL 5195762, at *1 (D.S.C. Dec. 22, 2009) ("The court is in agreement with other decisions characterizing a post-removal stipulation regarding the amount in controversy as a clarification permitted by St. Paul, not an amendment forbidden by St. Paul."). Following well-established district precedent, the court interprets Sanders's stipulation as a clarification of the amount of damages sought in his complaint. Therefore, the court is without subject matter jurisdiction over his claims and must remand them to state court.

      Remanding Sanders's claims, the court must determine whether it can retain jurisdiction over Progressive's counterclaim. In its notice of removal, Progressive premised the court's jurisdiction upon diversity pursuant to 28 U.S.C. § 1332. It is clear the Progressive's counterclaim fails to satisfy the amount-in-controversy requirement. As such, the only potential basis for the court's jurisdiction over Progressive's declaratory judgment counterclaim is supplemental jurisdiction pursuant to 28 U.S.C.

§ 1367. That statute provides that "in any civil action of which the district courts have original jurisdiction," a district court "shall have supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. In other words, where a court has original subject matter jurisdiction over one claim, meaning federal question jurisdiction under § 1331 or diversity jurisdiction under § 1332, it may exercise supplemental jurisdiction over a related but separate claim that lacks original jurisdiction. Having determined that the court is without original jurisdiction over Sanders's claims, it cannot exercise supplemental jurisdiction over Progressive's counterclaim. Therefore, remand is necessary. The court thus remands the entire action to the Hampton County Court of Common Pleas. Bereft of jurisdiction, the court does not consider the motion to dismiss.

## IV.   CONCLUSION

For the foregoing reasons the court **GRANTS** the motion to remand and **FINDS AS MOOT** the motion to dismiss.

**AND IT IS SO ORDERED.**

                                                              _____
                                                              **DAVID C. NORTON**
                                                              **UNITED STATES DISTRICT JUDGE**

**August 25, 2020**
**Charleston, South Carolina**